UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FEDERAL INSURANCE CO.                          :

               Plaintiff,                 :

   - against -                                 :      07 Civ 7797 (LTS)

M/V SCI TEJ, her engines, tackle, boilers,      :      **PROPOSED**
etc.; et al.                                                         **PRELIMINARY**
              Defendants           :      **PRE-TRIAL STATEMENT**

------------------------------------------------------------x

      The parties, through their undersigned counsel, having conferred pursuant to the Court's instructions, hereby respectfully submit the following as the Preliminary Pre-Trial Statement for purposes of the written report under Fed. R. Civ. P. Rule 26(f). This submission is based on the disclosures made to date and is subject to amendment, modification and/or supplementation pending completion of the discovery process,

a.    **Concise statement of the nature of the action**:

      Plaintiff claims damages in the amount of $140,278.15, plus interest and costs, for alleged damage and loss to a shipment of linens carried from Karachi to New York under a MacAndrews & Co. Limited ("MacAndrews") bill of lading. MacAndrews denies that plaintiff will be able to satisfy its burden of establishing liability and asserts affirmatively, *inter alia*, that the proximate cause of any cargo damage was the insufficiency of the packaging of the subject goods.

b.    **Concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to the citizenship and jurisdictional amount**

      The parties agree that the Court has admiralty and maritime subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

c.    **A concise statement of all material uncontested or admitted facts**.

    The following facts are undisputed:

    1.    The shipment was transported aboard the M/V "SCI TEJ" in five containers.

    2.    Two bills of lading were issued: (i) B/L XXSNYC22482, dated August 24, 2006, relating to containers CLHU8142488, ECMU9636290, and

TRLU7054979; and (ii) B/L XXSNYC22494, dated August 25, 2006, relating to containers ECMU9567585 and GESU5175665

d.  **A concise statement of all uncontested legal issues:**

   None at this time.

e.  **A concise statement of all legal issues to be decided by the Court:**

   1. Can plaintiff establish a *prima facie* claim for cargo damage under the factual circumstances of this case?

   2. Are defendants liable to plaintiff for the claimed cargo damage?

   3. Do defendants have the benefit of a defense under the Carriage of Goods by Sea Act ("COGSA"), Pub.L. 16 No. 74-521, 49 Stat. 1207 (1936) (codified at 46 U.S.C. app. §§ 1301-1315)?

   4. What is the measure of recoverable damages?

   5. If plaintiff is awarded compensatory damages, is plaintiff entitled to prejudgment interest, and if so, what is the proper rate?

f.  **Each party's concise statement of material disputed facts:**

   **Plaintiff's Statement:** Plaintiff contends that its *prima facie* case under COGSA is established by evidence that the cargo was tendered to defendants at the place of receipt in good order and condition and was in damaged condition at the time of delivery at New York. Plaintiff's *prima facie* case is also established by evidence that the nature of the damage indicates that it occurred in defendants' custody or as a result of defendants' fault. There is specific and/or circumstantial evidence that the cargo was exposed to non-complying conditions during defendants' custody. Plaintiffs further contend that defendants breached their duties to provide the type of care which the nature of the cargo required as well as the specific duties under the carriage contract and/or COGS. Plaintiff disputes defendants' contention that the damage was due to contributory fault of the shipper.

   **Defendant's Statement:** Defendant MacAndrews denies that plaintiff will be able to make out a *prima facie* case for liability, because plaintiff will be unable to demonstrate that any claimed moisture damage occurred while the cargo was in the custody and possession of MacAndrews. Moreover, the evidence will demonstrate that the cargo in this case was insufficiently packaged and prepared by the cargo interests for the normal rigors of ocean transportation and that this insufficiency of the packaging was the principal cause of any claimed cargo damage. Finally, plaintiff has failed to demonstrate that it took all reasonable steps to mitigate any claimed damages.

 g. **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimaint**.

 **Plaintiff's Statement:** This action is governed by COGSA and the general maritime law. Under the applicable law defendants were required to ascertain the nature and characteristics of the cargo tendered for shipment and had a nondelegable and continuing duty to provide the care and protection which the specific nature of the cargo requires. *The Ensley City*, 71 F.Supp. 444, 449 (D Md. 1947), *affirmed sub nom. Isthmian S.S. Co. v. Martin*, 170 F.2d 25 (4th Cir. 1948). Plaintiff's *prima facie* case may be established by showing the cargo's good order and condition at the time of delivery to defendants and damaged condition at the time of delivery by defendants at destination. Alternatively, the *prima facie* case may be established by showing that the nature of the damage indicates that it arose during defendants' custody or as a result of their fault. The respective burdens of proof under COGSA are set forth in *Sompo Japan Insurance Co. of America v. Union Pacific Railroad Co.*, 456 F.3d 54 (2d Cir. July 10, 2006); *see also M. Golodetz Exp. Corp. v. S/S Lake Anja*, 751 F.2d 1103, 1109 (2 Cir. 1985) *(Kaufman, J.)*; *Arkwright Mut. Ins. Co. v. M.V. Oriental Fortune*, 745 F.Supp. 920, 923 (S.D.N.Y. 1990). Once plaintiff's *prima facie* case is established under COGSA defendants have the burden to prove that the damage arose due to specific exceptions to liability set forth in the statute or that their negligence did not contribute to the cause of the damage. The burden of proof is on defendants to prove that plaintiff failed to mitigate its damages.

 h. **Each defendant party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied upon by such party.**

 **Defendant MacAndrews's Statement:** Under COGSA, a carrier may avoid liability on a number of grounds, including proof that "due diligence" was exercised to assure the seaworthiness of the transporting vessel. *46 U.S.C. app. §1304(1)*. With respect to damage caused by something other than unseaworthiness, the carrier can avoid liability by proving among other things that it was without actual fault and privity. *See id. §1304(2)*. Moreover, COGSA applies only on a "tackle-to-tackle" basis, *46 U.S.C. app. §1301(e)*, and plaintiff will be unable to discharge its burden of proving that any alleged cargo damage occurred within while the cargo was in defendant's custody.

 i. **A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense:**

 The Court's attention is respectfully directed to the Second Circuit's decision in *Sompo Japan Insurance Co. v. Union Pacific Railroad*, 456 F 3d 54, 57-59 & n. 8 (2d Cir. 2006), *M. Golodetz Exp. Corp. v. S/S Lake Anja*, 751 F.2d 1103, 1109 (2 Cir. 1985)

(Kaufman, J.), and *Arkwright Mut. Ins. Co. v. M.V. Oriental Fortune*, 745 F.Supp. 920, 923 (S.D.N.Y. 1990), *aff'd mem op.*, which outline the burdens of proof under COGSA.

j. **Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor:**

The parties request until March 24, 2008 for amendment of pleadings or addition of parties.

k. **A statement as to whether all parties consent to the trial of the case by a magistrate judge (without identifying which parties have or have not so consented):**

The parties do not consent to trial before a magistrate judge, but are receptive to a settlement conference before the assigned magistrate judge.

l. **What, if any changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The parties request until February 29, 2008 for service of Rule 26(a)(1) initial disclosures.

m. **The subjects on which discovery may be needed, and whether discovery should be conducted in phases or be limited to or focus upon particular issues, including a concise description of each party's plan for discovery and a proposed discovery cut-off date:**

The parties anticipate that discovery will include the following subjects: (a) the shipper's booking of the shipment with MacAndrews; (b) the care provided for the shipment during transit; (c) the extent of any alleged damage to the cargo; and (d) the quantum of any claimed damages; (e) the care and custody of the containers after discharge from the vessel M/V "SCI TEJ"; (f) the "stuffing" of the containers prior to loading aboard the two vessels in Karachi, Pakistan; (g) the sufficiency of plaintiffs' efforts to mitigate any alleged damages. The parties respectfully propose June 6, 2008 as the discovery deadline.

n. **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery:**

Expert evidence may be required on the following issues:

1. Practices and procedures concerning containerized transport of such cargo.

    2.     Conditions to which the cargo was exposed during the stages of transport and after discharge from the M/V SCI TEJ.

    3.     The cause of the claimed cargo damage.

    4.     The market value of the cargo in sound and damaged condition.

    5.     The sufficiency of any efforts to mitigate claimed damages.

o.     **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of Court and what other limitations should be imposed:**

No such changes or limitations are anticipated at this time.

p.     **The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands:**

To date counsel, have not engaged in settlement discussions. Counsel intend to explore settlement as disclosures and discovery proceed. Counsel are open to the idea of participating in a court-supervised settlement conference after initial disclosures are completed and certain discovery is conducted.

q.     **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case:**

The parties agree that this is a non-jury action and that two days are expected to be needed for the entire trial.

r.     **Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

None

Dated:   New York, New York
          January 28, 2008

                                              SO ORDERED:

                                              _____
                                              UNITED STATES DISTRICT JUDGE

Law Offices,
David L. Mazaroli

_____
David L. Mazaroli (DM3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, New York 10007
Tel. (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File: 6R-1386

Brown Gavalas & Fromm LLP
Attorneys for Defendant MacAndrews
and Company Limited

By_____
Peter Skoufalos (PS-0105)
Brown Gavalas & Fromm LLP
355 Lexington Avenue, 4th Floor
New York, New York 10017-6603
Tel.: 212 983-8500
Fax: 212 983-5946